# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**ERIC RICHARDO BRIGHT,**

    **Petitioner,**

**v.**                                               **Case No. 3:21cv674-MCR/MAF**

**STATE OF FLORIDA,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On or about April 2, 2021, Eric Richardo Bright, a federal inmate proceeding pro se, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. He has not paid the filing fee or submitted a motion for leave to proceed in forma pauperis.

As an initial matter, although the title of his pleading is "Writ of Habeas Corpus 2241," he has styled the pleading, "In the Circuit, Third Judicial Circuit In and For Madison County, Florida Division Circuit Criminal Case No: 95-0214-CF." ECF No. 1 at 1. Thus, it appears either he intended to file this pleading in state court or he actually did submit it to the state court and this is a copy he has sent to this Court. Regardless, it is not properly before this Court and may be dismissed on that basis alone.

In addition, petitions under section § 2241 are properly filed in the

jurisdiction in which the petitioner is incarcerated.  *See, e.g.*, Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").  In this case, Petitioner Bright is confined at the United States Penitentiary Hazelton in Bruceton Mills, West Virginia.  *See* ECF 1; www.bop.gov/inmateloc.  Bruceton Mills is located in Preston County, in the Northern District of West Virginia.  *See* 28 U.S.C. § 129(a).

Therefore, even assuming Petitioner Bright intended to file a § 2241 petition in this Court, he cannot seek relief under § 2241 in this Court because he is not incarcerated in the Northern District of Florida.  The Court notes that he currently has a motion pending in this Court in his criminal case, seeking reduction of his sentence under the First Step Act.  *See* United States of America v. Eric R. Bright, No. 5:04cr034-MCR/EMT, ECF No. 116.

For all the foregoing reasons, it is respectfully **RECOMMENDED** that this petition (ECF No. 1) be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 20, 2021.

                        S/ Martin A. Fitzpatrick
                        **MARTIN A. FITZPATRICK**
                        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.